BOYD *v.* HUFFMAN ET AL.*

[Cite as Boyd v. Huffman (1972), 32 Ohio Misc. 77.]

(No. C 70-295—Decided February 23, 1972.)

United States District Court, Northern District of Ohio, Western Division.

*Mr. Ted Iorio,* for plaintiff.
*Mr. Lawrence S. Huffman,* prosecutor, for defendants.

YOUNG, J. This cause came to be heard upon motion of the defendants for summary judgment. This is an action under 42 U. S. Code §1983, against Lawrence S. Huffman, Prosecuting Attorney of Allen County, Ohio; James King, a Municipal Court Prosecutor; William H. Dailey and William Blew, Deputy Sheriff of Allen County, Ohio. Plaintiff was the manager of a drive-in theatre located in Allen County. The gravamen of the complaint is that as a consequence of defendants' seizure of a film which was being shown by plaintiff, without a prior adversary

*For opinion on motion for reconsideration, see *post,* 32 Ohio Misc. 139.

hearing on the question of its obscenity, plaintiff was deprived of his civil rights. The motion of the defendants for summary judgment assigns two propositions of law which they feel should warrant the granting of this motion.

Defendants' first proposition is that they are entitled to a judgment in their favor as a matter of law, because in order to recover damages in an action under §1983, it is necessary to prove that the activities of the defendants were done in "bad faith," without hope of ultimate success and for an improper purpose. Defendants cite as authority for this proposition *Perez* v. *Ledesma*, 401 U. S. 82 (1970). In that case, Mr. Justice Black, speaking for the court stated:

"Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal *injunctive relief* against pending state prosecutions appropriate." (Emphasis added.) *Perez* v. *Ledesma, supra,* at 85.

No more need be said in this case to demonstrate that the holding of *Perez* does not apply than to reiterate that this action is for money damages and not for injunctive relief. It is obvious that the rationale of the court's holding in *Perez* is based on the principle of comity between the federal and state governments. This is demonstrated by Mr. Justice Black's statement:

"It is difficult to imagine a more disruptive interference with the operation of the state criminal process short of an injunction against all state proceedings." *Perez* v. *Ledesma, supra,* at 84.

Clearly then, *Perez* cannot stand for the principle that "bad faith" is a necessary element of an action under §1983 for damages. Indeed, the opposite conclusion has been reached in most of the circuits.[1] In *Jenkins* v. *Averett*, 424 F. 2d 1228, 1232 (4th Cir. 1970), the court stated:

[1]*Jenkins* v. *Averett*, 424 F. 2d 1228 (4th Cir. 1970); *Whirl* v. *Klein*, 407 F. 2d 781 (5th Cir. 1969); *Joseph* v. *Rowlen*, 402 F. 2d 367 (7th Cir. 1968); *Anderson* v. *Haas*, 341 F. 2d 497 (3rd Cir. 1965); *Stringer* v. *Dilger*, 313 F. 2d 536 (10th Cir. 1963).

"[A]fter a constitutional violation has been made out, a showing of intent to injure is not a further prerequisite to recovery under section 1983. There is no longer room to doubt that one need not prove bad motive or evil intent to avail himself of the section 1983 remedy."

Thus it seems quite clear that an action for damages will lie, even though an injunction might be improper. There is further reason, however, to overrule the defendants' motion. *Perez* v. *Ledesma, supra,* makes reference to proven harrassment or prosecutions undertaken in bad faith without hope of obtaining a valid conviction. Before the defendants had acted in this case, a three-judge panel of this court had decided in *Searfoss* v. *Morris*, Nos. C 70-19 and 20, that these very defendants could not seize alleged pornographic materials without a prior adversary hearing. A deliberate disregard of prior court decisions which were not appealed displays definite elements of harassment and bad faith. Defendants do not, in the first part of their argument, establish sufficient reason to sustain their motion for summary judgment.

Defendant's second proposition is that defendants are immune from suit by reason of their official positions and the quasi-judicial nature of their acts. This proposition, of course, only relates to Huffman and King, who were acting as prosecuting attorneys. It has long been recognized in this Circuit that a prosecuting attorney is a quasi-judicial officer and enjoys the same immunity from a civil action as that which protects a judge acting within his jurisdiction. *Kenney* v. *Fox*, 233 F. 2d 288 (6th Cir.), *cert. denied sub. nom. Kenney* v. *Killian*, 352 U. S. 855 (1956). Plaintiff has argued that in this case the prosecuting attorneys were acting as policemen and not as judicial officers. In *Robichaud* v. *Ronan*, 351 F. 2d 533 (9th Cir. 1965), it was held that if a prosecuting attorney acts as a policeman he should be held liable as a policeman would be. In that case, however, there was the egregious conduct of a district attorney conducting a police-type interrogation of a defendant attempting to obtain a confession, without apprising the defendant of her right to counsel and at-

tempting by trick and deceit to take advantage of her youth and inexperience. This is not the situation with which we are now confronted. Here the prosecuting attorneys went with two deputy sheriffs and seized the film pursuant to a warrant issued by a judge. They were not themselves acting as policemen. They were present as the duly constituted legal advisors to police officers who were threading their way into a legal morass.

This court has had occasion previously to allude to the ancient traditional right of the prosecuting attorney to decide whether or not to prosecute. The courts for many centuries have steadfastly refused to explore this area under the pretext of determining whether a person complaining of the prosecutor's decision was deprived of due process of law. Public officials vested with discretion in the exercise of their duties ought never to be inhibited by the fear that their decisions may be reviewed in an action for damages. Government could not function if no official, be he judge or prosecutor, could make decisions without the risk of being mulcted in damages.

From restricting the judgment of prosecuting attorneys by the device of permitting damage suits against them for their decisions, it is only a short step further to applying the same rule to judges. The newspapers indicate that some United States district judges have already taken this step against state court judges. This court will not take the most remote beginning step toward forging a weapon by which it may ultimately be destroyed. Judicial discretion is, and must remain, inviolate.

Therefore defendants' motion for summary judgment on the point of the defendant prosecutors' immunity will be granted and the claim as it relates to the defendants Huffman and King will be dismissed.