BERTRAM, APPELLANT, *v.* RICHARDS ET AL., APPELLEES.

(No. 2135—Decided February 13, 1974.)

*Mr. Robert J. Swan* and *Mr. Harvey H. Creighton,* for appellant.

*Mr. William J. Brown* and *Mr. Leo J. Conway,* for appellee Nicholas R. Curci.

*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr. John J. Lowther,* for appellees Sally Richards et al.

*Mr. John Otero,* for appellee Glenn V. Shaw.

MAHONEY, J. Plaintiff Richard Bertram, the appellant, is a student at Kent State University and a musician by trade; he was hired to provide entertainment in a night spot near the city of Elyria, called "Pandora's Box." He arrived there at about 8 p.m., on Saturday, Febuary 20, 1971, and was just "setting-up" when the place was raided by deputies of the Sheriff of Lorain County. They were assisted by undercover agents, on drug abuse, of the Attorney General's office, and were accompanied by an Assistant Attorney General, the Prosecuting Attorney of Lorain County, and two of his assistants. The drug raid produced a large quantity of drugs in various forms and containers.

The plaintiff had removed a winter jacket he was wearing, and an officer noticed a bottle labeled "Dristan" protruding from a pocket of the jacket. Plaintiff admitted

ownership of the jacket. He was arrested by the law enforcement officers and deposited in the Lorain County jail. The "Dristan" was analyzed and found to be "Dristan," a patent medicine cold remedy, in capsule form. Bertram was released around 9 a.m., on Monday, Febuary 22, 1971. Before discharge, he allegedly executed a release of all claims in favor of the Sheriff and his deputies.

There was no charge filed, at any time, against the plaintiff; he was never brought before any magistrate; and no bond was set for him. He was permitted to make one telephone call.

In the raid, over-all, some sixty persons were detained for varying periods of time. Seventeen persons have been convicted of drug related offenses. However, no charge has ever been brought against the plaintiff.

On February 15, 1972, the plaintiff commenced this action in the Court of Common Pleas, against the Assistant Attorney General; the Prosecuting Attorney of Lorain County, and two of his assistants; and the Sheriff of Lorain County and nine of his deputies.

The amended complaint seeks damages for false arrest, false imprisonment, and for denial of his statutory and constitutional rights. Answers were filed, and then motions for summary judgment. The trial court granted the several motions for summary judgment as to all of the defendants. From those orders, this appeal has been timely filed.

Plaintiff, as his sole assignment of error, states that the trial court erred "in sustaining motions for summary judgment on behalf of all defendants."

The motion of Nicholas Curci, Assistant Attorney General, for summary judgment, was supported by his affidavit, and the affidavit of two other persons, indicating that Curci had been assigned to render assistance to the Sheriff. While Curci helped plan and organize the raid, he denies taking part in the arrest or detention of anyone, and asserts that he was acting as an observer and in an advisory capacity. His motion is predicated upon prosecutorial immunity, and he says that there is no genuine issue of fact.

The motion of the other defendants for summary judgment also alleges that there is no genuine issue of fact.

The prosecutors seek dismissal of the complaint on the basis of immunity, and the deputies claim that they acted within the scope of their duties and upon probable cause. The deputies, as an additional defense, recite the release of all claims. The affidavits of Prosecutor Grunda, and his assistants, Harris and Horvath, deny that they acted in any way other than as observers and in an advisory capacity; they assert that they did not direct, cause, or assist in the arrest of the plaintiff. The affidavits of all of the deputies set forth their respective duties in the raid, and the subsequent detention, and each denies that he or she personally arrested the plaintiff.

The affidavit of the plaintiff does not assert any facts to show that the Prosecuting Attorney, and his assistants, and the Assistant Attorney General, acted in any way other than as observers or in an advisory capacity.

Plaintiff, in his affidavit, does say that he "talked to a member of the Attorney General's office at the time of his apprehension, which individual he believes to be the defendant Curci, and that this conversation clearly indicated that Mr. Curci was involved in the raid, apprehensions, arrests and/or detentions * * *." Such allegations can hardly be considered as facts, predicated upon personal knowledge and admissible in evidence. This violates Civ. R. 56(E).

The affidavit of plaintiff's attorney, Robert Swan, cannot be considered since it is not based upon personal knowledge that is required by Civ. R. 56(E).

Plaintiff's affidavit does raise and place in issue all of those facts which go to the question of probable cause as to the actions of the Sheriff and his deputies. The affidavit also places in issue the validity of the so-called release. Even if one were to ignore the lack of consideration, and disregard public policy, there certainly are questions of fact as to its exculpatory nature, and whether it was signed or printed under duress or threats.

It has long been recognized that a prosecuting attorney or an attorney general is a quasi-judicial officer and enjoys the same immunity from a civil action as that which protects a judge. *Kenney* v. *Fox* (C. A. 6, 1956), 232 F. 2d 288

(*cert. denied sub nom. Kenney* v. *Killian,* 352 U. S. 855); *Phillips* v. *Singletary* (D. S. C. 1972), 350 Fed. Supp. 297; *Yaselli* v. *Goff* (C. A. 2, 1926), 12 F. 2d 396; and *Bauers* v. *Heisel* (C. A. 3, 1966), 361 F. 2d 581.

However, if the prosecuting attorney stops acting in a quasi-judicial capacity and begins functioning as a policeman, he loses that immunity. *Robichaud* v. *Ronan* (C. A. 9, 1965), 351 F. 2d 533; *Lewis* v. *Brautigan* (C. A. 5, 1955), 227 F. 2d 124. As long as the prosecuting attorney maintains his role of observer or adviser, he will not lose that immunity, even if he accompanies a police officer. *Boyd* v. *Huffman* (1972), 32 Ohio Misc. 77.

Police officers or deputy sheriffs do not enjoy an immunity from civil actions for damages. The law holds the police officer to a standard of good faith, and a showing that he acted upon probable cause. *Pierson* v. *Ray* (1967), 386 U. S. 547; *Bivens* v. *Six Unknown Agents* (C. A. 2, 1972), 456 F. 2d 1339; and *Reinhard* v. *City* (1892), 49 Ohio St. 257.

We conclude, therefore, that there are no genuine issues of fact as to defendants Nicholas B. Curci, Joseph R. Grunda, Floyd Harris, and Frank Horvath. The plaintiff has failed to pierce their cloak of immunity and they were entitled to summary judgment upon their motions.

There are, however, issues of fact upon the question of probable cause and the alleged release as to defendants Sally Richards, Andrew Doychak, Thomas Richards, Vernon M. Smith, Mary Lou Bulger, Charles Bulger, Henry Zieba, David Philion, Richard Zappa, and Glenn V. Shaw. They are, therefore, not entitled to summary judgment, and the trial court erred in granting them such judgment.

The judgment of the trial court is affirmed as to the defendants Curci, Grunda, Harris and Horvath. As to the remaining defendants the judgment is reversed, and this matter is remanded to the trial court for further proceedings, as provided by law, in accordance with this opinion.

*Judgment affirmed in part and reversed in part, and cause remanded.*

BRENNEMAN, P. J., and VICTOR, J., concur.