KATZ *v.* OHIO STATE BOARD OF PSYCHOLOGY ET AL.

(No. A-7710358—Decided December 3, 1979.)

Court of Common Pleas of Hamilton County.

*Mr. A. C. Strip,* for plaintiff.

*Mr. Richard A. Bernat,* for defendant Cincinnati Psychological Assn.

*Mr. B. Douglas Anderson,* for defendant Young.

*Ms. Nancy J. Korte,* for defendant Ohio State Bd. of Psychology.

GORMAN, J.    Plaintiff, Ida Katz, a social worker, alleges defendants, the Ohio State Board of Psychology, The Cincinnati Psychological Association, Inc., Charles Young, and the Attorney General are illegally prohibiting her from practicing psychotherapy. Her complaint contains four counts: (1) a declaratory judgment declaring R. C. Chapter 4732, requiring psychologists to be licensed, vague and an unlawful delegation of legislative power; (2) damages because defendants violated the anti-trust provisions of R. C. Chapter 1331; (3) damages for defendants' alleged malicious interference with her right to practice social work; and (4) an injunction against further interference with her practice of psychotherapy. Except for the Attorney General, all parties submitted cross motions for summary judgment upon the affidavits; plaintiff's deposition; answers to interrogatories; plaintiff's memorandum in support of her motion of December 4, 1978; the memorandum of the Cincinnati Psychological Association, Inc., of October 30, 1978 and plaintiff's identical memoranda contra filed on December 1, 1978 and May 17, 1979; Charles Young's memorandum of December 22, 1978; the memorandum of the Ohio State Board of Psychology of January 25, 1979 and plaintiff's memorandum contra of May 17, 1979; and Charles Young's memorandum for reconsideration of June 22, 1979.

Plaintiff has a master's degree in social work and a Ph.D. in psychology. Because her Ph.D. is from Heed University, an unaccredited school, she cannot be licensed in Ohio as a psychologist. Holding herself out as a "psychotherapist," she associated in an office with two physicians and without a license received clients directly or by referral. Her practice prompted the Ohio State Board of Psychology to investigate her activities, but it discontinued the investigation and gave its results to the Ohio State Medical Board. The defendant, Charles Young, is an investigator for the Medical Board.

Following his investigation, a criminal prosecution was initiated against plaintiff for practicing medicine without a license. Plaintiff admits she pleaded no contest and was convicted, but the record is silent as to the particular offense. However, she maintains that a clinical social worker is qualified to practice psychotherapy and can do so without a license under the exemption for social workers in R. C. 4732.22(G).

## I.

Public health is a vital subject for the exercise of police power by the Legislature, *William* v. *Scudder* (1921), 102 Ohio St. 305, 315. In R. C. 4731.15 the Legislature expressly classified psychotherapy as a limited branch of medicine which *must* be licensed by the Ohio State Medical Board. Under R. C. 4731.41 one cannot advertise he practices a limited branch of medicine unless he has a license, and if he uses the title of a limited branch in connection with his name he is unlawfully practicing medicine under R. C. 4731.34. A psychologist licensed by the Ohio State Psychological Board under R. C. 4732.09 can also practice psychotherapy according to R. C. 4732.01, but if he uses psychotherapy to diagnose and treat his own clients R. C. 4732.20 requires the psychologist to maintain a consultive relationship with a physician.

Eligibility for a license to practice psychology under R. C. 4732.10(B)(4) requires a doctoral degree from an accredited school or one recognized by a national or regional accrediting agency. However, social workers, who are not themselves subject to statutory licensure in Ohio, are specifically exempt from the licensing requirements for psychologists under R. C. 4732.22(G). Plaintiff is not licensed by either board. Her argument incorrectly assumes the exemption for a psychologist's license also exempts her from the Medical Board's license. The Legislature has specifically made "psychotherapy," a limited branch of medicine, and exercising the police power, has elected to place its regulation under the Medical Board. While a licensed psychologist need not obtain a license from the Medical Board, the practice of psychotherapy by a psychologist is subject to regulation by the Medical Board as specifically provided in R. C. 4732.20 incorporating by reference R. C. 4731.34. By associating with physicians and

advertising as a psychotherapist plaintiff did without any license only what the Legislature allows a licensed psychologist to do. Nowhere did the Legislature provide a social worker can advertise as a psychotherapist.

Contrary to plaintiff's argument, the term, "psychotherapy," as used in R. C. Chapter 4731 is neither vague nor does it involve an unconstitutional delegation of legislative power to the Medical Board. When construed according to common usage under the test of R. C. 1.42, Webster's New Collegiate Dictionary (1974 Ed.) defines "psychotherapy" as the "treatment of mental or emotional disorder or of related bodily ills by psychological means." The facts of this case eliminate the issue concerning what practices are or are not "psychotherapy," because plaintiff, acknowledges she was not a licensed psychologist. Therefore, she clearly violated R. C. 4731.34 and 4731.42. This absolute prohibition is definite and not subject to interpretation. It cannot fail for lack of legislative standards since the Legislature itself used the very term, "psychotherapy" in R. C. 4731.15.

The debate concerning which of the three professions can or should practice psychotherapy is irrelevant (See Time, Sept. 10, 1979, p. 71). In construing Ohio's Limited Practice Act, R. C. 4731.15, the Supreme Court found it reasonably promotes the public safety and welfare, and while statutory regulation may interfere with the right of a patient to choose his own method of treatment and the practitioner to pursue a calling of his choice, it is constitutional, *Williams* v. *Scudder, supra,* at 325. Accordingly, under the doctrine of separation of powers, the wisdom of declaring and regulating psychotherapy as a limited branch of medicine is reserved to the Legislature and not to the court.

## II.

Plaintiff claims defendants' conspiracy to prevent her from practicing clinical social work violated R. C. Chapter 1331 relating to monopolies. This chapter formerly was held not to apply to the "learned professions" because they were not included in definitions of "trade" and "commerce". 37 Ohio Jurisprudence 2d 140, Monopolies and Combinations, Section 12. However, in *Goldfarb* v. *Virginia State Bar* (1975), 421 U. S. 773, 787, involving bar association fee schedules, the

Supreme Court held the "learned professions" are subject to anti-trust regulation, and a profession's limits on price competition are inherently suspect. Restraints on commerce occur if they are intended to control the number in a profession instead of the quality of practice.

Despite the remedy under R. C. Chapter 1331, plaintiff's claim is not directed to a boycott or limits on the number of practicing physicians or psychologists. Instead, her complaint is that psychotherapy is restricted solely to those two professions. Had either or both boards conspired to achieve such a restriction by their own rules, a preliminary examination of the practice of psychotherapy to determine if their rules relate to the quality of practice would be necessary. However, the Legislature and not the boards imposed the limitation. As a result the entire "limited branch of medicine" under R. C. Section 4731.15 has already been declared a lawful exercise of the police power. *Williams* v. *Scudder, supra.,* paragraph six of the syllabus.

Plaintiff's allegations that the medical profession wants to control the money in psychotherapy could be sufficient to state a claim under R. C. Chapter 1331, but she did not name the Ohio State Medical Board as a party defendant. Since the Medical Board is the only entity enforcing the statute against plaintiff's practice, a claim under R. C. Chapter 1331 does not exist against the other defendants.

### III.

Plaintiff alleges defendants maliciously interfered with her clients and their insurance carriers. Defendant, Charles Young, argues he is entitled to summary judgment under the doctrine of qualified immunity as an investigator for the Ohio State Medical Board. Government officials are held to a standard of good faith, *Bertram* v. *Richards* (1974), 49 Ohio App. 2d 3. The good faith for a police officer is a lower degree than the good faith for a governor. *Scheuer* v. *Rhodes* (1974), 416 U. S. 232, 245. Although a government official is afforded qualified immunity, he will not be shielded from civil liability if he acts without regard for one's clearly established constitutional rights. *Procunier* v. *Navarette* (1978), 434 U. S. 555.

Defendant, Young, correctly argues plaintiff was unlawfully practicing medicine without a license by advertising she was a "psychotherapist." However, plaintiff alleges that

Young contacted her clients and maliciously interfered with her right to practice clinical social work. Whether an investigator, particularly with Young's job description, can contact and advise plaintiff's clients not to deal with her raises a material issue of fact on the issues of good faith and the scope of his duties.

Although plaintiff's allegations raise an issue of material fact relative to malicious actions on the part of defendant, Young, her claims against the other defendants are unsupported by either her deposition or her affidavits and are based upon conjecture rather than her actual knowledge as required by Civ. R. 56(E).

## IV.

Since the Legislature granted power to license psychotherapists to the Ohio State Medical Board, plaintiff who is not presently eligible to obtain a license is not entitled to equitable relief against any of the defendants. Although paragraphs 11 and 12 of the complaint allege the Ohio State Board of Psychology has wrongly refused to license plaintiff, nothing indicates she ever applied for a license or appealed from an order denying her license under R. C. Chapter 119. Admitting she lacks the statutory qualifications for a license, prevents her from holding herself out or advertising as a psychotherapist. Since licensing psychotherapy involves a reasonable exercise of the police power, under the doctrine of separation of powers equity is not available to control a proper function of the Legislature absent clear proof of violation of an individual right. *Williams* v. *Scudder, supra.*

For the foregoing reasons plaintiff's motion for summary judgment is overruled; the motion for summary judgment of the defendant, Charles Young, is granted in part as to Counts 1, 2, and 4 of the complaint, but his motion and the motion for reconsideration are overruled as to Count 3 of the complaint; and the motions for summary judgment of the Ohio State Board of Psychology and the Cincinnati Psychological Association, Inc., are granted. Finally, because of the Court's decision on Counts 1 and 2 of the complaint, the Attorney General is no longer a necessary party, and he will be dismissed upon motion or upon further order.

*Judgment accordingly.*