DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Peggy A. White, has appealed from a judgment of the Summit County Court of Common Pleas, which dismissed her claims against Appellees, Officer Christopher Roch, Sergeant Michael Wilmot, and the City of Hudson. We affirm.
 I. {¶ 2} On April 13, 2004, Appellant filed a complaint against Appellees, alleging claims of false arrest, abuse of process, and malicious prosecution. The claims arose from the January 26, 2004 arrest and subsequent criminal prosecution of Appellant for domestic violence. Appellees Officer Roch and Sergeant Wilmot are the police officers who arrested Appellant. They are employed by the third Appellee, the City of Hudson.
 {¶ 3} On June 9, 2004, Officer Roch and Sergeant Wilmot filed a joint motion to dismiss pursuant to Civ.R. 12(B)(6). That same day, the City of Hudson filed its own motion to dismiss pursuant to Civ.R. 12(B)(6). Roch and Wilmot argued that Appellant's false arrest and malicious prosecution claims failed as a matter of law because there was probable cause for her arrest and criminal prosecution, and that her abuse of process claim failed as a matter of law because she did not allege that the proceedings against her were "properly initiated to achieve an improper purpose." In its motion to dismiss, the City of Hudson argued that it was immune from liability pursuant to R.C. 2744.02.
 {¶ 4} The Summit County Court of Common Pleas granted both motions on July 8, 2004. Appellant timely appealed, raising two assignments of error for our review.
 II. Assignment of Error No. 1
"The trial court erred in denying appellant's request for leave to amend and dismissing her complaint against appellee city for failure to state a claim."
 {¶ 5} In her first assignment of error, Appellant maintains that the trial court erred by denying her request to amend her complaint to assert a federal civil rights claim. We disagree.
 {¶ 6} The immunity conferred by R.C. 2744.02 does not extend to claims alleging violations of federal statutes or the United States Constitution. R.C. 2744.09(E). In her brief opposing the City of Hudson's motion to dismiss, Appellant argued that the facts alleged in her complaint amount to a 42 U.S.C. 1983 claim from which the City of Hudson would not be immune. Also in her brief, Appellant requested, in the alternative, leave to amend her complaint to include a federal civil rights claim. Appellant never filed a motion seeking leave to amend her complaint. In its final order, the trial court determined that R.C.2744.09(E) was inapplicable, because Appellant's complaint made no reference to any violation of federal statutes or the United States Constitution. The court did not address Appellant's informal request for leave to amend her complaint.
 {¶ 7} Civ.R. 15(A) provides that a party may amend its pleading "only by leave of court or by written consent of the adverse party" when the opposing party has already filed its responsive pleading in the case. When a party files a motion for leave to file an amended pleading with the trial court, "[l]eave of court shall be freely given when justice so requires." Id. An appellate court reviews a trial court's decision on a motion for leave to file an amended pleading under an abuse of discretion standard. Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.
(1991), 60 Ohio St.3d 120, 122. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. State v.Myers, 97 Ohio St.3d 335, 2002-Ohio-6658, at ¶ 75, citing State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 8} Appellant did not attempt to amend her complaint before Appellees had filed their motions to dismiss. Neither did she file a formal motion with the court seeking leave to amend, but rather made a passing request for leave to amend in her brief opposing the City of Hudson's motion to dismiss. In light of her failure to file a motion requesting leave to amend, we find that the trial court did not abuse its discretion by not granting Appellant leave to amend her complaint. Accord, Moore v. Rickenbacker (May 3, 2001), 10th Dist. No. 00AP-1259;Priestly v. Cannon (Dec. 16, 1982), 8th Dist. No. 44614.
 {¶ 9} Appellant's first assignment of error is overruled.
 Assignment of Error No. 2
"The trial court erred in dismissing [appellant's] false arrest claims and malicious prosecution claims against appellees roch and wilmot for failure to state a claim."
 {¶ 10} In her second assignment of error, Appellant maintains that the trial court erred by dismissing her false arrest and malicious prosecution claims against Officer Roch and Sergeant Wilmot. We disagree.
 {¶ 11} We review de novo a trial court's disposition of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Hunt v. Marksman Prod. (1995), 101 Ohio App.3d 760,762. Dismissal is appropriately granted if all the factual allegations of the complaint are presumed true, all reasonable inferences are made in favor of the nonmoving party, and it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
(1992), 65 Ohio St.3d 545, 548. While courts may not rely upon evidence outside of the complaint when resolving a Civ.R. 12(B)(6) motion, "[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." State ex rel. Crabtree v. Franklin Cty. Bd. of Health (1997),77 Ohio St.3d 247, 249, fn. 1.
 {¶ 12} False arrest is the "unlawful restraint by one person of the physical liberty of another." Rogers v. Barbera (1960), 170 Ohio St. 241,243, quoting 22 American Jurisprudence 353, False Imprisonment, Sections 2-3. The plaintiff is not required to prove that the defendant had no probable cause to arrest. Harvey v. Horn (1986), 33 Ohio App.3d 24, 27. However, the existence of probable cause to arrest defeats a false arrest claim. Weible v. Akron (May 8, 1991), 9th Dist. No. 14878, at 4, citingBertram v. Richards (1974), 49 Ohio App.2d 3, 5-6.
 {¶ 13} The elements of the tort of malicious criminal prosecution are: (1) malice in instituting or continuing a criminal prosecution; (2) lack of probable cause to support that prosecution; and (3) termination of the prosecution in favor of the accused. Trussell v. General MotorsCorp. (1990), 53 Ohio St.3d 142, syllabus. If the plaintiff cannot show lack of probable cause, the claim for malicious criminal prosecution fails as a matter of law. Iacono v. Sawyer (Jan. 13, 1988), 9th Dist. No. 13059, at 11.
 {¶ 14} We have reviewed Appellant's complaint, including the exhibits attached to and referenced by the complaint. Presuming all of the factual allegations contained in those materials to be true, and making all reasonable inferences in favor of Appellant, we conclude that Officer Roch and Sergeant Wilmot had probable cause to arrest Appellant for domestic violence and to institute the criminal prosecution against her.
 {¶ 15} We first address the issue of probable cause to arrest. The General Assembly has "articulate[d] the traditional standards of probable cause to arrest and applie[d] such standards to the offense of domestic violence," in R.C. 2935.03(B). State v. Carbone (Dec. 19, 1997), 11th Dist. No. 96-T-5390. R.C. 2935.03(B) provides, in pertinent part, that a peace officer has reasonable cause to believe a person is guilty of domestic violence if the alleged victim "executes a written statement alleging that the person in question has committed the offense of domestic violence" against them. R.C. 2935.03(B)(3)(a)(i). The offense of domestic violence encompasses "knowingly caus[ing] or attempt[ing] to cause physical harm to a family * * * member." R.C. 2919.25(A). "Physical harm" to persons is defined by statute as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C.2901.01(A)(3).
 {¶ 16} Included among the exhibits attached to and referenced by Appellant's complaint is a written statement drafted by Appellant's son and witnessed by Officer Roch. In that statement, Appellant's son alleged that Appellant had hit him on the arm hard enough to make him cry. Appellant acknowledged this accusation in her complaint, stating that "[Appellant's] son ultimately accused [Appellant] of striking him on the arm[.]" In sum, Appellant has presented, in her complaint, a written statement executed by the alleged victim accusing the Appellant of committing acts constituting domestic violence. Moreover, Appellant has admitted in her complaint that this accusation was made.
 {¶ 17} Under Ohio law, the written statement provided Officer Roch and Sergeant Wilmot with probable cause to arrest Appellant for domestic violence.[1] This written statement also provided Officer Roch and Sergeant Wilmot with probable cause to institute the criminal prosecution against Appellant.
 {¶ 18} Probable cause to institute a criminal prosecution is "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged."Melanowski v. Judy (1921), 102 Ohio St. 153, 156, quoting Ash v. Marlow
(1851), 20 Ohio 119, paragraph one of the syllabus. As discussed above, Appellant's son executed a written statement accusing Appellant of committing an act constituting domestic violence. We conclude that, as a matter of law, this statement provided sufficient ground to warrant "a cautious man in the belief" that Appellant had committed the crime of domestic violence as defined by R.C. 2919.25(A).
 {¶ 19} Because factual allegations contained in Appellant's complaint establish that Officer Roch and Sergeant Wilmot had probable cause to arrest Appellant and to institute the criminal prosecution against Appellant, Appellant's false arrest and malicious prosecution claims were defeated, and she could not prove any set of facts entitling her to the relief requested on those claims. Therefore, the Summit County Court of Common Pleas properly granted Roch and Wilmot's Civ.R. 12(B)(6) motion to dismiss those claims. Appellant's second assignment of error is overruled.
 III. {¶ 20} Appellant's two assignments of errors are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Whitmore, J. concur.
[1] Appellant has raised two constitutional challenges to R.C. 2935.03
and R.C. 2919.25(A). Appellant has also argued that R.C. 2935.03 and R.C. 2919.25(A), as applied, are inconsistent with R.C. 2919.22. Because Appellant did not present these arguments to the trial court, she has waived them on appeal. See Robinson v. Springfield Local School Dist.Bd. of Edn. (Mar. 27, 2002), 9th Dist. No. 20606, at 11.