[Cite as *Gustinski v. Pleasant View Health Care Ctr.*, 2022-Ohio-1928.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DONNA GUSTINSKI, Administratrix of
the Estate of Marian Gustinski, Deceased

      Appellant

      v.

PLEASANT VIEW HEALTH CARE
CENTER

      Appellee

C.A. No.     29880

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-04-1739

DECISION AND JOURNAL ENTRY

Dated: June 8, 2022

TEODOSIO, Judge.

{¶1} Donna Gustinski, Administratrix of the Estate of Marian Gustinski, appeals the judgment of the Summit County Court of Common Pleas dismissing her complaint. We affirm in part and reverse in part.

I.

{¶2} In April 2018, Donna Gustinski, Administratrix of the Estate of Marian Gustinski, filed a complaint for nursing home negligence against Pleasant View Health Care Center ("Pleasant View") alleging negligence in its care and treatment of Marian Gustinski, since deceased. In September of 2019, Pleasant View filed a motion pursuant to R.C. 2323.42 requesting the trial court dismiss the complaint on the grounds that there was no reasonable good faith basis upon which Ms. Gustinski asserted her claim.

{¶3} An oral hearing was held on the motion, during which Ms. Gustinski orally motioned the trial court for leave to file an amended complaint that would include detrimental reliance upon an alleged promise to provide the decedent with a bariatric mattress. The trial court's subsequent judgment entry denied leave to amend the complaint as untimely and unduly prejudicial. The entry further concluded that Ms. Gustinski had no reasonable good faith basis to proceed with the matter after the deposition of plaintiff's expert, Dr. Michael Hahalyak.

{¶4} Ms. Gustinski now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF'S MOTION TO AMEND THE COMPLAINT.

{¶5} In her first assignment of error, Ms. Gustinski argues the trial court erred by denying her motion to file an amended complaint adding a claim for "detrimental reliance or promissory estoppel" with regard to the decedent not receiving a bariatric bed while at Pleasant View. We disagree.

{¶6} This Court reviews a trial court's decision to grant or deny a motion for leave to amend a pleading for an abuse of discretion. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122 (1991). *Accord White v. Roch*, 9th Dist. Summit No. 22239, 2005-Ohio-1127, ¶ 7. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶7}** Civ.R. 15(A) states in pertinent part that "[a] party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier." When those timeframes are expired, then leave to amend the pleading must be obtained via a court order or written consent of the opposing party. Civ.R. 15(A); *Carter v. Univ. Park Dev. Corp.*, 9th Dist. Summit No. 28356, 2017-Ohio-5795, ¶ 12, citing *Morrissette v. DFS Servs., LLC*, 10th Dist. Franklin No. 10AP-633, 2011-Ohio-2369, ¶ 30.

**{¶8}** "[T]he language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984). *See also* Civ.R. 15(A) ("The court shall freely give leave [to amend] when justice so requires."). If a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading. *State ex rel. N. Ohio Chapter of Associated Builders & Contrs., Inc. v. Barberton City School Bd. of Edn.*, 188 Ohio App.3d 395, 2010-Ohio-1826, ¶ 28 (9th Dist.); *Wilmington Steel Prods., Inc.*, 60 Ohio St.3d 120 (1991), syllabus.

**{¶9}** Additionally, when a motion for leave to amend is not timely tendered and no reason is apparent to justify the delay, a trial court does not abuse its discretion in refusing to allow the amendment. *Wallner v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-2146, ¶ 11 (9th Dist.), citing *State ex rel. Smith v. Adult Parole Auth.*, 61 Ohio St.3d 602, 603-604 (1991). Further, this Court has repeatedly held that a "'spectre of prejudice'" arises when the plaintiff, in response to a motion to dismiss, seeks leave to amend the complaint. *Carter* at ¶ 12, citing *Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26708, 2013-Ohio-5114, ¶ 12.

{¶10} On denying the motion to file an amended complaint, the trial court stated: "Plaintiff's oral motion to file an Amended Complaint, made 20 months after the filing of the Complaint herein, is denied. Plaintiff provided no reason why her request for leave to file an Amended Complaint could not have been made much earlier in this matter. The Court finds Plaintiff's motion to be untimely, and permitting amendment at this late date would be unduly prejudicial to Defendant."

{¶11} Ms. Gustinski directs us to Civ.R. 15(A), arguing that under the rule, "the Court shall freely give leave when justice so requires." She contends that the defendant would not be prejudiced because it "was aware from the beginning that failure to provide a bariatric bed was an issue in this case."

{¶12} Ms. Gustinski did not move the trial court for leave to amend the complaint until the hearing on Pleasant View's motion to dismiss the complaint. As a consequence, the "spectre of prejudice" indeed arises under these circumstances, and Ms. Gustinski has failed to justify the delay. The trial court therefore did not abuse its discretion in denying amendment of the complaint.

{¶13} Ms. Gustinski's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED WHEN IT FOUND THAT PLAINTIFF PROVIDED NO INFORMATION AS TO ANY INJURIES SUSTAINED BY MS. GUSTINSKI RELATED TO THE ALLERGIC REACTION AND THAT PLAINTIFF DID NOT PROVIDE A STANDARD OF CARE OWED BY THE DEFENDANT STAFF AND HOW THE STANDARD OF CARE WAS BREACHED.

{¶14} In her second assignment of error, Ms. Gustinski argues the trial court erred in finding that she failed to provide information as to the standard of care, the breach of that standard, and any resulting injury. We agree.

**{¶15}** This Court reviews the trial court's interpretation of a statute as a matter of law under a de novo standard of review. *Sliwinski v. Village at St. Edward*, 9th Dist. Summit No. 24967, 2010-Ohio-3006, ¶ 11, citing *State v. Consilio*, 114 Ohio St.3d 295, 2007–Ohio–4163, ¶ 8.

**{¶16}** R.C. 2323.42(A) provides for the filing of a good faith motion by a medical malpractice defendant:

> Upon the motion of any defendant in a civil action based upon a medical claim, dental claim, optometric claim, or chiropractic claim, the court shall conduct a hearing regarding the existence or nonexistence of a reasonable good faith basis upon which the particular claim is asserted against the moving defendant.

R.C. 2323.42(B) goes on to state:

> In determining whether a plaintiff has a reasonable good faith basis upon which to assert the claim in question against the moving defendant, the court shall take into consideration, in addition to the facts of the underlying claim, whether the plaintiff did any of the following:
>
> (1) Obtained a reasonably timely review of the merits of the particular claim by a qualified medical, dental, optometric, or chiropractic expert, as appropriate;
>
> (2) Reasonably relied upon the results of that review in supporting the assertion of the particular claim;
>
> (3) Had an opportunity to conduct a pre-suit investigation or was afforded by the defendant full and timely discovery during litigation;
>
> (4) Reasonably relied upon evidence discovered during the course of litigation in support of the assertion of the claim in question;
>
> (5) Took appropriate and reasonable steps to timely dismiss any defendant on behalf of whom it was alleged or determined that no reasonable good faith basis existed for continued assertion of the claim in question.

**{¶17}** The defendant thus must first establish "that there was no reasonable good faith basis upon which the plaintiff asserted the claim in question against the moving defendant or that, at some point during the litigation, the plaintiff lacked a good faith basis for continuing to assert that claim * * *." R.C. 2323.42(C). Although R.C. 2323.42 does not define the term "reasonable

good faith basis," this Court has previously determined the ordinary meaning of the term to be "an honest belief in an underlying condition that is fair and proper under the circumstances." *Sliwinski* at ¶ 13.

{¶18} Ms. Gustinski alleges that Pleasant Valley was negligent in administering the drug Augmentin to the decedent, despite having been ordered by a physician, because the decedent's medical history indicated that she was allergic to penicillin. She contends that through Dr. Hahalyak's expert report and his testimony, it was established that the nurse who administered Augmentin to Marian Gustinski violated the standard of care, which resulted in injury.

{¶19} With regard to the Augmentin issue, the trial court stated:

Dr. Hahalyak indicated that Defendant's staff were following a physician's order to administer that drug, that Ms. Gustinski received one dose of the drug, and that immediately upon noting the allergic symptoms, Defendant's staff notified the physician and the Augmentin was discontinued. Plaintiff has provided no information as to any injury sustained by Ms. Gustinski related to this incident. Neither has Plaintiff provided the standard of care owed by Defendant's staff and how that standard of care was breached.

{¶20} We cannot agree with this characterization by the trial court. In his deposition, Dr. Hahalyak stated that his report contained his opinions regarding Pleasant View and his criticisms of the facility as pertaining to the lawsuit. The report states:

[T]he patient was noted in her allergy history at Pleasant View Health Care Center to be allergic to penicillin. On October 1, 2015, the patient was administered Augmentin which is a penicillin derivative medication. As a result, the patient suffered an allergic reaction. Her skin was noted to be bright red. She was noted to have itching in her chest and legs.
    It is my opinion, based upon a reasonable degree of medical certainty, that the staff at Pleasant View Health Care Center was negligent when they administered the drug Augmentin to Marian Gustinski which resulted in an allergic reaction to this medication.

{¶21} As we have previously stated when reviewing a ruling under R.C. 2323.42, we will not review the record to determine whether there was sufficient expert testimony to prevail on the

claim because that was not the question before the trial court under R.C. 2323.42. *See Sliwinski* at ¶ 11. A motion under R.C. 2323.42 is not a motion for summary judgment; rather, the sole issue before the trial court was whether Ms. Gustinski had "no reasonable good faith basis" for continuing to prosecute her claim. *See id. See also* R.C. 2323.42(C) (stating the defendant must first establish "that there was no reasonable good faith basis upon which the plaintiff asserted the claim in question against the moving defendant or that, at some point during the litigation, the plaintiff lacked a good faith basis for continuing to assert that claim").

{¶22} A review of the evidence presented to the trial court indicates Ms. Gustinski continued to prosecute this action because she reasonably relied upon the expert report of Dr. Hahalyak opining that Pleasant View had been negligent in its care of Marian Gustinski. Although Ms. Gustinski may not have provided an abundance of evidence in support of her position, we conclude that the evidence was sufficient to provide a good faith basis for the litigation and support "an honest belief in an underlying condition that is fair and proper under the circumstances." *Sliwinski* at ¶ 13.

{¶23} We further note that although Pleasant View's motion raises the issue of Dr. Hahalyak's qualification as an expert, the trial court's order does not reach a conclusion as to this question, and the issue is therefore not before us on appeal.

{¶24} Ms. Gustinski's second assignment of error is sustained.

III.

{¶25} Ms. Gustinski's first assignment of error is overruled. Her second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed and remanded in part for further proceedings consistent with this decision.

Judgment affirmed in part,
and reversed and remanded in part.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

GARY R. MANTKOWSKI, Attorney at Law, for Appellant.

JASON P. FERRANTE and LESLIE M. JENNY, Attorneys at Law, for Appellee.