[Cite as *State ex rel. Hook-N-Haul, L.L.C. v. Ohio Dept. of Pub. Safety*, 2023-Ohio-4432.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Hook-[N]-Haul, LLC, | : | |
| Relator, | : | |
| v. | : | No. 22AP-29 |
| Ohio Department of Public Safety et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on December 7, 2023

**On brief:** *Cassone Law Offices, LLC*, and *Joshua J. Brown*, for relator.

**On brief:** *Dave Yost,* Attorney General, *Michelle L. Kazar,* and *Hilary R. Damaser*, for respondents.

**On brief:** *David Taynor*, for Association of Professional Towers, amicus curiae in support of relator.

**On brief:** *Kyle A. Cramer*, and *Louis M. DeMarco*, for non-party Judith Wynn-Neel.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

BEATTY BLUNT, P.J.

{¶ 1} On January 11, 2022, relator filed a complaint in the instant mandamus action, seeking a writ to direct respondents, the Ohio Highway Patrol and/or the Ohio Department of Public Safety, to undo its action in removing relator from the agency's tow rotation list. Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate, and on July 6, 2023, respondents filed a motion to dismiss the relator's complaint. After briefing and on review, the magistrate recommended that we grant amici's motion for leave to file a brief in opposition to the motion to dismiss,

that we grant respondents' motion to dismiss, and that we deny relator's motion for leave to file a second amended complaint.

{¶ 2}   Relator has not filed any objection to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  Our review of the magistrate's decision reveals no error of law or other evident defect.  *See, e.g., State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223, ¶ 32-33 (adopting the magistrate's decision where no objections were filed).

{¶ 3}   As we have found no error of law or other defect on the face of the magistrate's decision, we adopt it as our own, including the findings of fact and conclusions of law as they are set forth in the decision.  In accordance with the magistrate's recommendation, the amicus curiae's motion for leave to file a brief in support of the relator is granted, the respondents' motion to dismiss is granted, and relator's motion for leave to file a second amended complaint is denied.

*Amicus Curiae's motion for leave granted;*
*Respondents' motion to dismiss granted;*
*and relator's motion for leave denied;*
*action dismissed.*

MENTEL and JAMISON, JJ., concur.

———————————

A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Hook-[N]-Haul, LLC, | : | |
| Relator, | : | |
| v. | : | No. 22AP-29 |
| Ohio Department of Public Safety et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 15, 2023

*Joshua J. Brown,* for relator.

*Dave Yost,* Attorney General, *Michelle L. Kazar,* and *Hilary R. Damaser,* for respondents.

*Kyle A. Cramer,* and *Louis M. DeMarco,* for amicus curiae, in support of relator.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 4} Relator, Hook-N-Haul, LLC, has filed this original action seeking a writ of mandamus ordering respondents, Ohio Department of Public Safety (individually "ODPS") and Ohio State Highway Patrol (individually "OSHP"), to undo their action in removing relator from the OSHP's tow-rotation list and restore it to the tow-rotation list. Respondents have filed a motion to dismiss.

Findings of Fact:

{¶ 5}   1. Relator is a vehicle and equipment recovery and towing company based in Ohio but doing business all over the United States.

{¶ 6}   2. OSHP, a law-enforcement agency in the State of Ohio, is a division of ODPS, which is a governmental agency in the State of Ohio.

{¶ 7}   3. Relator originally filed a petition for writ of mandamus in the Ninth District Court of Appeals on September 3, 2021. In its petition, relator requested that respondents be directed to restore relator to OSHP's tow-rotation list, which is a list of recovery and towing companies that OSHP contacts when towing or recovery services are needed. Relator alleged that OSHP unlawfully removed relator from its tow-rotation list on January 7, 2021, after a dispute about the fee charged by relator for a particular tow service completed on December 24, 2020.

{¶ 8}   4. On November 30, 2021, relator filed a motion for leave to file an amended complaint, praying for the court to direct respondents to restore relator's rights and undo their action in removing relator from the tow-rotation list. In the amended petition, relator alleges that the removal was based on false allegations; the removal was an abuse of discretion; the removal was based upon a rule that was not promulgated pursuant to Ohio's rulemaking process; the removal violated due process; the policy under which it was removed was unconstitutionally vague; respondents breached their contract with relator; and respondents' removal of relator from the tow-rotation list was illegal under the doctrine of promissory estoppel.

{¶ 9}   5. On December 9, 2021, the Ninth District Court of Appeals issued a journal entry, finding venue was not proper in the Ninth District Court of Appeals and transferring the case to the Tenth District Court of Appeals.

{¶ 10}  6. On January 11, 2022, relator filed its original September 3, 2021, petition for writ of mandamus with this court.

{¶ 11}  7. On April 25, 2022, a magistrate of this court granted relator's November 30, 2021, motion for leave to file the first amended complaint originally filed in the Ninth District Court of Appeals.

{¶ 12}  8. On June 23, 2023, respondents reinstated relator to the tow-rotation list.

{¶ 13} 9. On July 6, 2023, respondents filed a motion to dismiss, pursuant to Civ.R. 12(B)(1), claiming that the matter is now moot based upon their reinstatement of relator to the tow-rotation list.

{¶ 14} 10. On July 21, 2023, relator filed a brief in opposition to respondents' motion to dismiss or, in the alternative, motion to file a second amended complaint.

{¶ 15} 11. On July 21, 2023, the Association of Professional Towers-Ohio ("association") filed a motion for leave to file an amicus curiae brief in opposition to respondents' motion to dismiss, along with the amicus curiae brief. The magistrate grants the motion for leave to file an amicus curiae brief.

Conclusions of Law:

{¶ 16} For the reasons that follow, it is the magistrate's decision that this court should grant respondents' motion to dismiss and deny relator's motion for leave to file a second amended complaint.

{¶ 17} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 18} In considering a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, a trial court "determines whether the claim raises any action cognizable in that court." *Moore v. Ohio Dept. of Rehab. and Corr.*, 10th Dist. No. 18AP-599, 2019-Ohio-767, ¶ 4, citing *Brown v. Tax Commr. of Ohio*, 10th Dist. No. 11AP-349, 2012-Ohio-5768; *Robinson v. Ohio Dept. of Rehab. and Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. "Subject-matter jurisdiction involves ' "a court's power to hear and decide a case on the merits and does not relate to the rights of the parties." ' " *Moore* at ¶ 4, quoting *Robinson* at ¶ 5, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. Furthermore, "in making a determination regarding subject-matter jurisdiction, '[t]he trial court is not confined to the allegations of the complaint,' and 'it may consider material pertinent to such inquiry without converting the motion into one for summary judgment.' " *Id.*, quoting *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 19} A claim for writ of mandamus may be rendered moot when the requested relief is attained. *Jerninghan v. Cuyahoga County Court of Common Pleas*, 74 Ohio St.3d 278 (1996). Mandamus may not be used to compel the performance of a duty that has already been performed. *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72 (1990), citing *State ex rel. Breaux v. Court of Common Pleas*, 50 Ohio St.2d 164 (1977). "An event that causes a case to become moot may be proved by extrinsic evidence outside the record." *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, ¶ 8.

{¶ 20} In the present matter, the parties agree that respondents have reinstated relator on their tow-rotation list. Because respondents have now performed the act that relator sought to compel in its prayer for relief, i.e., to restore relator's rights and undo respondents' action in removing relator from the OSHP's tow-rotation list, the matter is moot and mandamus will not lie. Relator has received all the relief to which it is entitled in this action. There is nothing left for this court to direct respondents to do. As a result, the action is moot.

{¶ 21} Relator and the association contend that this matter meets an exception to the mootness doctrine because it involves an issue that is capable of repetition, yet evading review. They argue that respondents have a history of removing companies from the tow-rotation list and then reinstating them after litigation ensues. The Supreme Court of Ohio recently found that "[t]he mootness exception for cases that are capable of repetition, yet evading review applies only in exceptional circumstances, when these two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." (Internal citations omitted.) *State ex rel. Burkons v. Beachwood*, 168 Ohio St.3d 191, 2022-Ohio-748, ¶ 17. In the present case, the magistrate is not persuaded that the issue under review meets this exception to the mootness doctrine. As for the first factor, the challenged action is not too short in its duration to be fully litigated before its cessation or expiration. Respondents' action of removing towing providers from its rotating list is not necessarily limited in duration, and such removal does not expire or cease after any established duration. A towing provider could remain removed from the list indefinitely. In this case, respondents removed relator

from the list on January 7, 2021, and reinstated relator on the list on June 23, 2023, a period of over two and one-half years. Respondents explained that they were unable to reinstate relator to the tow-rotation list until recently because relator's certification with the Public Utilities Commission of Ohio was suspended, but the reasons for the suspension were subsequently resolved. Thus, it is clear that relator could have remained on the list indefinitely or could have been reinstated sooner. In other words, there is no set period for reinstatement that would necessarily render a company's removal too short in duration to be fully litigated.

{¶ 22} As for the second factor, there exists no reasonable expectation that relator will be subject to the same action again. Should relator again be subject to removal from the tow-rotation list, the circumstances and facts surrounding such removal could be completely different than those forming the basis of relator's removal here. *See Catudal v. Catudal*, 10th Dist. No. 12AP-951, 2013-Ohio-2748, ¶ 25 (the exception for capable of repetition, yet evading review does not apply because any new stay will necessarily involve a different set of circumstances and determinations than those forming the basis of the first stay). While the association argues that its member towing companies complain about the arbitrary nature of respondents' removal of them from the tow-rotation list, such is not a relevant factor in determining whether an issue should be excepted from the mootness doctrine based upon it being capable of repetition, yet evading review. The exception focuses on the same party being subject to the same action, and removal from the tow-rotation list for its hundreds of Ohio members is not relevant to the present inquiry. Therefore, the magistrate finds relator's argument as to the applicability of the capable of repetition, yet evading review exception unpersuasive.

{¶ 23} Alternatively, relator requests that the court grant it leave to amend its complaint to include a prayer that respondents be required to remedy their illegal tow-rotation system. Civ.R. 15(A) provides, in pertinent part:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or

the court's leave. The court shall freely give leave when justice so requires.

{¶ 24} After the time has passed in which a responsive pleading may be served, a party may amend its pleading only by leave of court or written consent of the adverse party. *Morrissette v. DFS Servs.*, L.L.C., 10th Dist. No. 10AP-633, 2011-Ohio-2369, ¶ 30. Civ.R. 15(A) nonetheless "favors a liberal policy when the trial judge is confronted with a motion to amend a pleading beyond the time limit when such amendments are automatically allowed." *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122 (1991). Because Civ.R. 15(A) expresses a preference for liberality with respect to amendments, a motion for leave to amend should be granted absent a finding of bad faith, undue delay, or undue prejudice to the opposing party. *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984). The "spectre of prejudice" arises when a plaintiff requests leave to amend the complaint after a defendant has filed a motion to dismiss. *State ex rel. N. Ohio Chapter of Assoc. Builders & Contrs., Inc. v. Barberton City School Bd. of Edn.*, 9th Dist. No. C.A. 24898, 2010-Ohio-1826, ¶ 28, quoting *Brown v. FirstEnergy Corp.*, 9th Dist. No. C.A. 22123, 2005-Ohio-712, ¶ 6.

{¶ 25} In the present case, the magistrate denies relator's motion for leave to file a second amended complaint. Respondents face undue prejudice by forcing them to spend significant time and resources updating their motion to dismiss. This court previously granted relator leave to file a first amended complaint. Respondents have undergone time and expense for a significant period, with the case pending four months in the Ninth District Court of Appeals, and the case pending for a total of 22 months in both courts prior to the filing of the second motion to amend complaint. Furthermore, respondents had a pending Civ.R. 12(B)(1) motion to dismiss at the time relator moved to file a second amended complaint. As such, the "spectre of prejudice" to respondents resulting from the filing of an amended complaint is heightened in this matter. *See N. Ohio Chapter of Assoc. Builders & Contrs., Inc.,* at ¶ 28. *See also Gustinski v. Pleasant View Health Care Ctr.*, 9th Dist. No. C.A. No. 29880, 2022-Ohio-1928, ¶ 12 (plaintiff's motion to amend complaint was filed in response to defendant's motion to dismiss, thereby raising the "spectre of prejudice"). Therefore, relator unduly delayed filing its motion for leave to file a second amended complaint, and respondents would be unfairly prejudiced if relator was granted

leave to file a second amended complaint at this stage of the litigation. *See, e.g., Fisk v. Rauser & Assocs. Legal Clinic Co., L.L.C.*, 10th Dist. No. 10AP-427, 2011-Ohio-5465, ¶ 15-16 (trial court did not abuse its discretion in denying appellants' motion for leave to amend complaint where it found that nothing new had been revealed in discovery that would have made the claims more cognizable than at the time of the initial filing and the one-year delay between the filing of the original complaint and the proposed amended complaint allowed appellants to pursue the legal theory set forth in the original complaint, and yet when confronted with obstacles to that theory reinvent the case on separate alternative legal grounds, resulting in prejudice to the opposing parties and inefficient use of the judicial system's time and resources); *Robertson v. Univ. Hosps. of Cleveland*, 8th Dist. No. 81150, 2002-Ohio-6508, ¶ 17-22 (trial court did not abuse its discretion in denying plaintiff's motion for leave to amend third amended complaint to add a new claim that could have been presented in prior amendments where proposed amendment would have necessitated more time to conduct discovery directed toward the newly introduced cause of action, causing an expenditure of time and money that, in major part, would have been unnecessary had these issues been raised earlier); *Hamilton v. Abcon Constr.*, 12th Dist. No. CA97-03-027 (Nov. 24, 1997) (concluding that the trial court could have reasonably determined that plaintiffs would be prejudiced by granting defendants leave to amend to assert a counterclaim where counterclaim would have required additional litigation and noting that while Ohio courts recognize a policy that cases should be decided on the merits, they also adhere to a policy that disputes be resolved in a timely manner); *Johnson v. Norman Malone & Assoc., Inc.*, 9th Dist. No. 14142 (Dec. 20, 1989) (a plaintiff must move to amend under Civ.R. 15(A) in a timely manner; an attempt to amend a complaint following the filing of a dispositive motion raises the spectre of prejudice; plaintiffs should not be permitted to sit by for this period and bolster up their pleadings in answer to a dispositive motion). Therefore, relator's motion for leave to file a second amended complaint is denied.

{¶ 26} Accordingly, the magistrate recommends that this court grant the association's motion for leave to file amicus curiae brief in opposition to respondents' motion to dismiss, grant respondents' motion to dismiss, and deny relator's motion for leave to file a second amended complaint. All other substantive motions pending at the time of this decision are denied.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).