[Cite as *Carter v. Univ. Park Dev. Corp.*, 2017-Ohio-5795.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

ROGER W. CARTER

     Appellant

     v.

UNIVERSITY PARK DEVELOPMENT
CORPORATOIN, et al.

     Appellees

C.A. No.     28356

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2015-11-5429

DECISION AND JOURNAL ENTRY

Dated: July 12, 2017

SCHAFER, Judge.

**{¶1}** Plaintiff-Appellant, Roger W. Carter, appeals the judgment of the Summit County Court of Common Pleas dismissing his claims with prejudice against the following Defendants-Appellees: Ann Lane Gates, Andrea Mathewson, Thomas J. Strauss, Donald L. Plusquellic, Russell M. Pry, Ethel Chambers, Patrice S. Lange, David James, William H. Considine, Jennifer Thomas, and Daniel C. Colantone (collectively, "the 11 individual defendants"). For the reasons set forth below, we affirm.

I.

**{¶2}** On November 25, 2015, Carter refiled[1] his complaint against 18 defendants in the Summit County Court of Common Pleas. The named defendants included the following two

---

[1] Carter initially filed his complaint in October of 2013 against the same defendants in this case. In that case, the trial court granted Carter leave to file an amended complaint pursuant to Civ.R. 15(A) so that he could expand the alleged facts supporting his claims, as well as to assert additional causes of action. The trial court subsequently granted a number of the named

business entities and 16 individuals: University Park Development Corporation, d.b.a. University Park Alliance ("UPA"), University Park Village, LLC, Eric A. Johnson, J. Bret Treier, Luis M. Proenza, John Falatok, Anthony O'Leary, Ann Lane Gates, Andrea Mathewson, Thomas J. Strauss, Donald L. Plusquellic, Russell M. Pry, Ethel Chambers, Patrice S. Lange, David James, William H. Considine, Jennifer Thomas, and Daniel C. Colantone. University Park Village, LLC is an Ohio limited liability company with two members: Carter and UPA. Eric A. Johnson served as UPA's former executive director and the remaining individual defendants have served on UPA's board of directors at some point since 2012. Carter's complaint contains 11 claims asserting various allegations of financial impropriety concerning his real estate investment as an original member of University Park Village, LLC.

{¶3} The individual defendants all moved to dismiss Carter's complaint pursuant to Civ.R. 12(B) and UPA filed a Civ.R. 12(B)(6) motion to dismiss eight of Carter's 11 claims for failure to state a claim upon which relief can be granted. UPA thereafter filed an answer denying the balance of Carter's claims. University Park Village, LLC also filed an answer wherein it denied the allegations contained in Carter's complaint. Carter filed motions in opposition to the individual defendants' and UPA's respective motions to dismiss.

{¶4} On March 7, 2016, Carter filed a voluntary dismissal of Defendant Proenza from this lawsuit. Thereafter, on March 31, 2016, Carter filed a motion for leave to amend his refiled complaint in order to "eliminate several individual party defendants (Ethel Chambers, Daniel C. Colantone, William H. Considine, Ann Lane Gates, David James, Patrice S. Lange, Andrea

---

defendants' respective Civ.R. 12(B) motions to dismiss. Sometime thereafter, Carter filed a "motion for leave to file second amended and supplement complaint" based upon newly discovered evidence. The trial court denied Carter's motion for leave to file a second amended complaint. Carter then dismissed his case without prejudice pursuant to Civ.R. 41(A)(1)(a) and refiled the present lawsuit that same day.

Mathewson, Donald L. Plusquellic, Luis M. Proenza, Russell M. Pry, Thomas J. Strauss, and Jennifer Thomas), eliminate two previous causes of action * * *, and realign the allegations involving the remaining individual defendants (Eric A. Johnson, J. Bret Treier, John Falatok and Anthony O'Leary)." The Defendants all opposed Carter's motion for leave to file an amended complaint. On May 19, 2016, the trial court denied Carter's motion for leave to file an amended complaint to realign the allegations against certain individual defendants after concluding that "the undue prejudice to [those] Defendants greatly outweighs Plaintiff's reason for seeking to Amend his Complaint * * *." With respect to the 11 individual defendants that Carter sought to remove from the lawsuit, the trial court ordered Carter to decide within 14 days "in which procedural fashion he wishes to dismiss said defendants – by way of Civ.R. 41(A)(1) or by Amended Complaint. The other alternative is for [Carter] to do neither and go forward with his original Complaint." The trial court also held the pending Civ.R. 12(B) motions to dismiss in abeyance. The trial court subsequently granted Carter a four-day extension to decide how he wished to proceed with respect to the individual defendants he sought to remove from the lawsuit.

{¶5} Contrary to the trial court's order, on June 6, 2016, Carter filed a motion to dismiss the 11 individual defendants *without* prejudice pursuant to Civ.R. 41(A)(2). Carter's motion to dismiss stated that it was made in compliance with the trial court's May 19, 2016 order. The individual defendants responded to Carter's motion noting that their dismissal from the lawsuit was warranted, but contending that such a dismissal should be *with* prejudice. On June 22, 2016, the trial court denied Carter's motion to dismiss pursuant to Civ.R. 41(A)(2) and again ordered Carter to either dismiss the 11 individual defendant "by way of Civ.R. 41(A)(1) or by Amended Complaint. The alternative is for [Carter] to go forward with his original

Complaint." The trial court again ordered Carter to comply with its May 19, 2016 order within 14 days.

{¶6} On July 5, 2016, Carter filed a motion to dismiss the 11 individual defendants from the lawsuit *without* prejudice pursuant to Civ.R. 4(E) due to his failure to serve them with the summons and complaint within six months after the filing of his complaint. The individual defendants again urged the trial court to dismiss Carter's claims against them *with* prejudice. On July 14, 2016, the trial court denied Carter's motion after noting that Carter was engaging in gamesmanship by intentionally misusing Civ.R. 4(E) "to prevent a potential dismissal with prejudice under Civ.R. 41(A)(1) or otherwise." The trial court then ordered Carter for a third time to comply with its May 19, 2016 order within 14 days either by dismissing the 11 individual defendants "by way of Civ.R. 41(A)(1) or by Amended Complaint. The other alternative is for [Carter] to go forward with his original Complaint." Lastly, the trial court explicitly admonished Carter that it would dismiss his complaint against the 11 individual defendants "for the lack of prosecution/failure to comply" if he failed to comply with its order.

{¶7} On July 26, 2016, Carter filed a motion asking the trial court to reconsider its denial of his motion to dismiss pursuant to Civ.R. 4(E). On July 27, 2016, Carter filed a response to the trial court's July 14, 2016 order along with a renewed motion for leave to file an amended complaint. Specifically, Carter notified the trial court "that he elects not to dismiss voluntarily any of the individual Defendants in this action, at this time. The reason why [he] does not wish to do so is that it would constitute the second dismissal under * * * Civ.R. 41(A), which arguably would make it with prejudice." Carter also filed the same amended complaint that he previously filed in his initial motion for leave to file an amended complaint on March 31, 2016. Carter then asked the trial court to reconsider its May 19, 2016 order and grant him

permission to file said amended complaint pursuant to Civ.R. 15(A). The Defendants all opposed Carter's renewed motion for leave to file an amended complaint. On August 17, 2016, the trial court denied Carter's motion for reconsideration and renewed motion for leave to file an amended complaint. Moreover, the trial court determined that Carter had failed to comply with its May 19, 2016 order, despite being instructed to do so on three separate occasions. Consequently, the trial court dismissed Carter's claims against the 11 individual defendants with prejudice for failure to prosecute and failure to comply with court orders pursuant to Civ.R. 41(B)(1) and Civ.R. 41(B)(3).

{¶8} Carter filed this timely appeal and presents two assignments of error for our review. The trial court has stayed all proceedings involving the remaining defendants (UPA, University Park Village, LLC, Johnson, Treier, Falatok, and O'Leary) pending this appeal.

II.

**Assignment of Error I**

**The trial court erred by denying Roger Carter leave to file an Amended Complaint and again erred when it denied Appellant Carter's Renewed Motion for Leave to File an Amended Complaint after the trial court explicitly directed Carter that he could file such a pleading.**

{¶9} In his first assignment of error, Carter argues that the trial court erred by denying his motion for leave to file an amended complaint as well as his renewed motion for leave to file an amended complaint. We disagree.

{¶10} This Court reviews the denial of a motion for leave to amend a pleading for an abuse of discretion. *Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26708, 2013-Ohio-5114, ¶ 12, citing *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991). An abuse of discretion denotes that the trial court's determination was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219

(1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶11} Civ.R. 15(A) states in pertinent part:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

{¶12} Thus, "after the time has passed in which a responsive pleading may be served, a party may amend its pleading only by leave of court or written consent of the adverse party." *Morrissette v. DFS Servs., L.L.C.*, 10th Dist. Franklin No. 10AP-633, 2011-Ohio-2369, ¶ 30. Civ.R. 15(A) nonetheless "favors a liberal policy when the trial judge is confronted with a motion to amend a pleading beyond the time limit when such amendments are automatically allowed." *Wilmington Steel* at 122. "Because Civ.R. 15(A) expresses a preference for liberality with respect to amendments, 'a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Jacobson-Kirsch* at ¶ 12, quoting *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984). The "spectre of prejudice" rises when a plaintiff requests leave to amend their complaint after a defendant has filed a motion to dismiss. *Jacobson-Kirsch* at ¶ 12, citing *State ex rel. N. Ohio Chapter of Associated Builders & Contrs., Inc. v. Barberton City Schools Bd. of Edn.*, 188 Ohio App.3d 395, 2010–Ohio–1826, ¶ 28 (9th Dist.), quoting *Brown v. FirstEnergy Corp.*, 159 Ohio App.3d 696, 2005–Ohio–712, ¶ 6 (9th Dist.).

{¶13} Upon review of the record, we conclude that the trial court did not abuse its discretion in denying Carter's motion and renewed motion for leave to file an amended complaint. A review of the May 19, 2016 and August 17, 2016 judgment entries indicate that the trial court did make findings of bad faith, undue delay, or undue prejudice when it denied Carter's respective motions for leave. Specifically, the trial court noted in its May 19, 2016 entry that the undue prejudice facing the defendants by forcing them to spend significant time and resources updating their motions to dismiss greatly outweighed Carter's reasons for seeking to amend his complaint. In making this determination, the trial court placed great weight on the fact that this was a refiled case and that the defendants had pending Civ.R. 12(B) motions to dismiss. Moreover, the trial court stated in its August 17, 2016 entry that the defendants "have endured the time, expense, and exposure of the refiled action being brought against them," with the present case pending for nearly nine months. These nine months are in addition to the time that the defendants spent defending Carter's initial lawsuit, which was pending for over two years before Carter voluntarily dismissed that case and simultaneously refiled the present case. *See Morrissette* at ¶ 31-32, citing *Williams v. W. Res. Transit Auth.*, 7th Dist. Mahoning No. 06-MA-137, 2007-Ohio-4747, ¶ 41(stating that trial courts may consider previously filed cases when ruling upon a plaintiff's motion for leave to file an amended complaint, even if the previous case was dismissed voluntarily pursuant to Civ.R. 41(A)). Furthermore, as the trial court referenced in both of its judgment entries, UPA and the individual defendants' filed their respective Civ.R. 12(B) motions to dismiss nearly two months before Carter filed his first motion for leave to file an amended complaint. As such, the "spectre of prejudice" to the individual defendants resulting from the filing of an amended complaint is heightened in this matter. *See Jacobson-Kirsch* at ¶ 12.

{¶14} Lastly, the trial court's August 17, 2016 judgment entry highlighted the fact that UPA and the individual defendants' respective Civ.R. 12(B) motions to dismiss had been pending for over six months when it ultimately chose to dismiss Carter's complaint with prejudice. The trial court noted that the motions to dismiss had been pending so long because they were held in abeyance upon Carter's representation that he wanted to "eliminate several individual party defendants" from his lawsuit. In response to Carter's expressed desire to dismiss the 11 individual defendants from the lawsuit, the trial court asked Carter on multiple occasions to either dismiss the 11 individual defendants pursuant to Civ.R. 41(A)(1), dismiss the 11 individual defendants via an amended complaint, or to do nothing and proceed with his case. Carter failed to comply with the trial court's multiple orders and instead sought to dismiss the 11 individual Defendants by way of Civ.R. 41(A)(2), by leave to amend his Complaint, and via Civ.R. 4(E), seemingly in a dilatory attempt to avoid having his claims against the 11 individual defendants dismissed with prejudice. Indeed, in its entry denying Carter's motion to dismiss the 11 individual defendants pursuant to Civ.R. 4(E), the trial court explicitly chided Carter for partaking in such "gamesmanship" and again ordered Carter to comply with its May 19, 2016 order, but to no avail.

{¶15} Carter argues that he did essentially comply with the trial court's May 19, 2016 order when he filed his renewed motion for leave to file an amended complaint wherein he sought to remove the 11 individual defendants from the lawsuit. We reject this argument. The amended complaint that Carter attached to his renewed motion for leave was identical to the amended complaint that Carter initially sought leave to file on March 31, 2016. Specifically, in addition to removing the 11 individual defendants from the case, the amended complaint also added causes of action against the remaining defendants, which the trial court explicitly

prohibited in its May 19, 2016 judgment entry denying Carter's first motion for leave to file an amended complaint.

{¶16} Based on the foregoing, we cannot conclude that the trial court abused its discretion in denying Carter's motion and renewed motion for leave to file an amended complaint under Civ.R. 15(A).

{¶17} Carter's first assignment of error is overruled.

### Assignment of Error II

**Appellant Roger Carter was deprived of his day in court, as guaranteed under Article I, Section 16 of the Ohio Constitution, and to due process of law under the Fourteenth Amendment to the U.S. Constitution, by a judgment dismissing his claims against individual defendants, with prejudice, for violating orders that impermissibly restricted the actions of his attorneys.**

{¶18} In his second assignment of error, Carter contends that the trial court erred by dismissing his claims against the 11 individual defendant with prejudice pursuant to Civ.R. 41(B)(1) and Civ.R. 41(B)(3). We disagree.

{¶19} Civ.R. 41 governs the dismissal of actions. Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." A dismissal under this section is an adjudication of the merits of the dispute unless otherwise provided by the trial court. Civ.R. 41(B)(3). The notice requirement in Civ.R. 41(B)(1) supports "the fundamental tenet of judicial review in Ohio [] that courts should decide cases on their merits." *See State ex rel. Becker v. Eastlake*, 93 Ohio St.3d 502, 505 (2001). Although this Court reviews the trial court's dismissal of an action for an abuse of discretion, "dismissals with prejudice are subject to heightened scrutiny." *Esser v. Murphy*, 9th

Dist. Summit No. 25945, 2012-Ohio-1168, ¶ 9, citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47-48 (1997).  The Supreme Court of Ohio elaborated:

> The extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party.  In other words, dismissal is reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for a dismissal with prejudice for failure to prosecute or obey a court order.  Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice.

(Internal quotations and citations omitted)  *Sazima v. Chalko*, 86 Ohio St.3d 151, 158 (1999). "Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation * * * and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action." *Jones v. Hartranft*, 78 Ohio St.3d 368, 372 (1997), citing *Link v. Wabash RR. Co.*, 370 U.S. 626, 633-635 (1962) and *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576 (1994), syllabus.

{¶20}  In this case, there is no dispute that the trial court provided Carter with notice prior to dismissing his claims against the 11 individual defendants with prejudice.  Rather, Carter argues that the trial court's various orders "directing [him] as to how he was to frame his [dismissal] motions impermissibly limited his options as provided under procedures established by the Ohio Supreme Court pursuant to the Ohio [Rules of Civil Procedure]."  Moreover, Carter contends that the trial court erred by dismissing his claims against the 11 individual defendants with prejudice pursuant to Civ.R. 41(B)(1) and Civ.R. 41(B)(3), despite his filing of motions for leave to amend his complaint and motions to dismiss the 11 individual defendants under Civ.R. 4(E) and Civ.R. 41(A)(2).

**{¶21}** We do not agree with Carter's assertion that the trial court's May 19, 2016 order and subsequent enforcement orders impermissibly limited his options as provided under the Ohio Rules of Civil Procedure. This is because the trial court's May 19, 2016 order was directly responsive to Carter's own stated objective, which was to dismiss the 11 individual defendants from the lawsuit. In denying Carter leave to amend his complaint, the trial court prohibited Carter from restructuring his refiled complaint against the remaining defendants due to the undue prejudice that would befall them from such action. However, the trial court did provide Carter with the following options: he could remove the 11 individual defendants by way of either a Civ.R. 41(A) voluntary dismissal, as he had previously done with respect to Defendant Proenza, or he could remove them by filing an amended complaint that did not restructure his claims with respect to the remaining defendants. The trial court also provided Carter with a third option, which was to do nothing and proceed with his case in its present form. Carter forewent these options and instead filed a motion to dismiss under Civ.R. 42(A)(2), a motion to dismiss under Civ.R. 4(E), and a renewed motion for leave to amend his complaint under Civ.R. 15(A).

**{¶22}** However, as noted above, the trial court properly exercised its discretion in denying Carter's renewed Civ.R. 15(A) motion since the amended complaint that Carter sought leave to file was identical to his previous amended complaint that the trial court explicitly rejected in its May 19, 2016 order. With respect to his Civ.R. 4(E) motion to dismiss, we reject Carter's argument that he had an absolute right under the rule to dismiss the 11 individual defendants without prejudice upon his failure to obtain service within six months of the filing of his complaint. Like all procedural rules, Civ.R. 4(E) must be "construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Civ.R. 1(B). Here, the trial court denied Carter's Civ.R.

4(E) motion after determining that Carter had abused the Rules of Civil Procedure by engaging in gamesmanship, specifically by proceeding with his case in a dilatory manner in order to satisfy the six-month timeframe set forth in Civ.R. 4(E) so that he could obtain a dismissal of his claims against the 11 individual defendants without prejudice. On this basis, we conclude that the trial court did not err in denying Carter's motion to dismiss under Civ.R. 4(E).

{¶23} Lastly, based on the record before us, we cannot conclude that the trial court erred by denying Carter's motion to dismiss pursuant to Civ.R. 41(A)(2). "In deciding whether to permit a plaintiff to dismiss an action pursuant to Rule 41(A)(2), a trial court should consider what, if any, prejudice the defendant will suffer:

> 'It is the prejudice to the defendant, rather than the convenience of the court, that is to be considered in deciding a motion for dismissal under Rule [41(A)(2)]. If the motion is made at an early stage of the case, before much has happened and only limited resources have been invested, it is more likely to be granted. Dismissal still may be allowed at later stages, although an especially strong showing is required to warrant voluntary dismissal without prejudice after the plaintiff has concluded its evidence, the defendant has moved for judgment as a matter of law, or the court has granted judgment for the defendant as a matter of law.'"

*Morris v. Reed*, 9th Dist. Wayne No. CIV. A. 96CA0090, 1997 WL 379663, *2 (June 25, 1997), citing 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2364, 290-292 (3d Ed.1995).

{¶24} Here, the trial court summarily denied Carter's Civ.R. 41(A)(2) dismissal via journal entry on June 22, 2016. However, the trial court clearly considered the undue prejudice facing the defendants throughout the entire case. Namely, the trial court recognized that the instant matter was a refiled case involving the same defendants as Carter's previous lawsuit where many of the individual defendants had successfully moved to dismiss themselves under Civ.R. 12(B). Moreover, the trial court recognized that the defendants have spent considerable time and resources defending against Carter's claims in both the instant and prior lawsuits, which

lasted nearly three years in the aggregate. Lastly, the trial court acknowledged that UPA and the individual defendants had Civ.R. 12(B) motions to dismiss pending in the instant matter, thus heightening the prospect of prejudice to the 11 individual defendants by permitting Carter to dismiss his claims against them without prejudice and potentially refile his claims against them for a third time. Hence, based on the foregoing, we conclude that the trial court did not abuse its discretion by denying Carter's requested dismissal under Civ.R. 41(A)(2).

{¶25} Accordingly, we conclude that the trial court did not err in denying Carter's Civ.R. 4(E) motion to dismiss, Civ.R. 41(A)(2) motion to dismiss, and renewed Civ.R. 15(A) motion for leave to file an amended complaint. Moreover, because Carter did not comply with the trial court's May 19, 2016 order despite being given three separate opportunities to do so, we conclude even under our heightened standard of review that the trial court did not abuse its discretion in dismissing Carter's claims against the 11 individual defendants with prejudice for failure to comply pursuant to Civ.R. 41(B)(3). Having determined that the trial court properly dismissed Carter's claims against the 11 individual defendants with prejudice under Civ.R. 41(B)(3), we need not address the trial court's alternative basis for dismissing these claims for failure to prosecute under Civ.R. 41(B)(1).

{¶26} Carter's second assignment of error is overruled.

III.

{¶27} With both of Carter's assignments of error having been overruled, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CONCURS.

HENSAL, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

BRADLEY S. LE BOEUF, Attorney at Law, for Appellant.

SIDNEY N. FREEMAN, Attorney at Law, for Appellant.

OWEN J. RARRIC and KAREN SOEHNLEN MCQUEEN, Attorneys at Law, for Appellees.