[Cite as *Gasper v. Bank of Am., N.A.*, 2019-Ohio-1150.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

LINDA L. GASPER

      Appellant

      v.

BANK OF AMERICA, N.A., et al.

      Appellee

C.A. No.     17CA0091-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    15CIV0930

DECISION AND JOURNAL ENTRY

Dated: March 29, 2019

---

CALLAHAN, Judge.

{¶1}   Appellant, Linda Gasper, appeals from the judgment of the Medina County Common Pleas Court in favor of Appellee, Bank of America, N.A. ("Bank of America"). For the reasons set forth below, this Court affirms.

I.

{¶2}   Ms. Gasper and her deceased husband were the title owners of a parcel of land in Lafayette Township ("the property"). Ms. Gasper's husband executed two mortgages and two notes encumbering the property: one with Bank of America and one with Citibank, N.A., a nonparty to this appeal. Ms. Gasper only executed the two mortgages. After her husband passed away, Ms. Gasper obtained a judgment from the probate court which found her husband's estate to be insolvent and ordered the property "be delivered to [Ms.] Gasper in satisfaction of her claim" for an allowance of support.

{¶3} Based upon the probate court's order, Ms. Gasper filed a complaint alleging claims of quiet title and slander of title against Bank of America and Citibank, N.A. Ms. Gasper obtained a default judgment against both parties. Citibank, N.A. promptly satisfied its judgment. A year later, the trial court vacated the default judgment against Bank of America and granted its motion to dismiss Ms. Gasper's complaint for failure to state a claim. The trial court also denied Ms. Gasper's motion for leave to amend the complaint.

{¶4} Ms. Gasper timely appeals from these judgment entries, asserting three assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED IN GRANTING [BANK OF AMERICA'S] MOTION TO VACATE [MS. GASPER'S] DEFAULT JUDGMENT AGAINST [BANK OF AMERICA] FOR FAILURE TO PERFECT SERVICE OF PROCESS ON [BANK OF AMERICA].

{¶5} In her first assignment of error, Ms. Gasper argues that the trial court erred in vacating the default judgment against Bank of America because it was void due to lack of service of the summons and complaint. This Court, however, does not have jurisdiction to review this assignment of error because Ms. Gasper failed to timely appeal from this particular judgment entry.

{¶6} This Court is required to raise, sua sponte, issues involving its jurisdiction. *See The Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). Failure to file the notice of appeal within the time period set forth in App.R. 4(A) is a jurisdictional defect and is fatal to any appeal. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988). To perfect an appeal, an appellant must file the notice of appeal "with the clerk of the

trial court within thirty days of the judgment or final order from which the appeal is taken." *Id.*, citing App.R. 3(A) and 4(A).

{¶7} A decision granting a common law motion to vacate is a final order, subject to immediate appellate review. R.C. 2505.02(B)(3). *See United Fairlawn, Inc. v. HPA Partners*, 68 Ohio App.3d 777, 780 (9th Dist.1990) (concluding that "R.C. 2505.02 does not distinguish between an order based on Civ.R. 60(B) and an order founded upon a court's inherent authority to void a prior judgment."). Thus, an appeal must be filed within thirty days of the order vacating a default judgment. *See* App.R. 4(A); *Hrehocik v. Scolari*, 9th Dist. Lorain No. 92CA005303, 1992 WL 368570, * 1 (Dec. 2, 1992).

{¶8} A motion to vacate, however, is only proper when the underlying judgment is a final order. *Viets v. Viets*, 9th Dist. Lorain No. 06CA008890, 2006-Ohio-5818, ¶ 8. In order for a default judgment to be a final order subject to a motion to vacate, the default judgment must resolve both liability and damages. *See Catanzarite & Co. v. Roof*, 8 Ohio App.3d 282, 282 (9th Dist.1983).

{¶9} Ms. Gasper moved for and the trial court granted default judgment and awarded damages against both defendants on both claims, thereby rendering the default judgment a final, appealable order and subject to a future motion to vacate. *See Catanzarite & Co.* at 282. Three months later, Ms. Gasper filed a notice of satisfaction of judgment as to Citibank, leaving only the judgment against Bank of America still in force.

{¶10} A year later, Bank of America filed its motion to vacate the default judgment based upon Civ.R. 60(B) and common law grounds. The trial court granted Bank of America's motion to vacate on common law grounds, finding the default judgment was void due to Ms. Gasper's failure to perfect service of the summons and complaint upon Bank of America. This

judgment entry did not contain a Civ.R. 54(B) certification. Nonetheless, no other parties or claims remained when the trial court granted the motion to vacate. Based upon the procedural posture of this case, this judgment was a final, appealable order. *See Kowalski v. Lisa M. Smith Inc.*, 9th Dist. Wayne No. 11CA0056, 2012-Ohio-2974, ¶ 8 (A decision on a motion to vacate that only applies to one party and does not contain Civ.R. 54(B) language is a final, appealable order when there are no other outstanding claims remaining at the time the motion to vacate is decided.).

{¶11} Ms. Gasper had thirty days to file her notice of appeal from the May 16, 2017 judgment granting the motion to vacate. Ms. Gasper, however, waited until the final disposition of the case, filing her notice of appeal on December 28, 2017, well beyond the 30-day filing deadline. *See Hrehocik*, 1992 WL 368570, at * 1. This Court, therefore, lacks jurisdiction to consider the first assignment of error because the appeal of the judgment vacating the default judgment was not timely filed.

{¶12} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN DENYING [MS. GASPER'S] MOTION TO AMEND HER COMPLAINT.

{¶13} Ms. Gasper's second assignment of error asserts that the trial court erred when it denied her motion for leave to amend her complaint. This Court disagrees.

{¶14} This Court reviews a trial court's decision to grant or deny a motion for leave to amend a pleading for an abuse of discretion. *Wilmington Steel Prods., Inc. v. Cleveland Elect. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991). *Accord White v. Roch*, 9th Dist. Summit No. 22239, 2005-Ohio-1127, ¶ 7. "'A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'"

*Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25. When applying the abuse of discretion standard, this Court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶15} Civ.R. 15(A) states in pertinent part that "[a] party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier." When those timeframes are expired, then leave to amend the pleading must be obtained via a court order or written consent of the opposing party. Civ.R. 15(A); *Carter v. Univ. Park Dev. Corp.*, 9th Dist. Summit No. 28356, 2017-Ohio-5795, ¶ 12, quoting *Morrissette v. DFS Servs., LLC*, 10th Dist. Franklin No. 10AP-633, 2011-Ohio-2369, ¶ 30.

{¶16} "[T]he language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984). *See also* Civ.R. 15(A) ("The court shall freely give leave [to amend] when justice so requires."). "However, '[w]here a plaintiff fails to make a *prima facie* showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading.'" *State ex rel. N. Ohio Chapter of Associated Builders & Contrs., Inc. v. Barberton City School Bd. of Educ.*, 188 Ohio App.3d 395, 2010-Ohio-1826, ¶ 28 (9th Dist.), quoting *Wilmington Steel Prods., Inc.*, 60 Ohio St.3d 120 at syllabus.

{¶17} Additionally, "'"[w]here a motion for leave to amend is not timely tendered and no reason is apparent to justify the delay, a trial court does not abuse its discretion in refusing to

allow the amendment."'" *Wallner v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-2146, ¶ 11 (9th Dist.), quoting *State ex rel. Smith v. Adult Parole Auth.*, 61 Ohio St.3d 602, 603-604 (1991), quoting *Meadors v. Zaring Co.*, 38 Ohio App.3d 97, 99 (1st Dist.1987). Further, this Court has repeatedly held that a "'"spectre of prejudice"'" arises when the plaintiff, in response to a motion dismiss, seeks leave to amend the complaint. *Carter* at ¶ 12, citing *Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26708, 2013-Ohio-5114, ¶ 12, citing *N. Ohio Chapter of Associated Builders & Contrs., Inc.* at ¶ 28, quoting *Brown v. FirstEnergy Corp.*, 159 Ohio App.3d 696, 2005-Ohio-712, ¶ 6 (9th Dist.).

{¶18} In denying Ms. Gasper's motion for leave to file an amended complaint, the trial court noted two reasons: 1) the motion to amend the complaint was untimely and prejudicial to Bank of America because it was filed after the motion to dismiss, and 2) the amendment of the complaint "would be futile due to the meritless nature of the claims."

{¶19} On August 17, 2017, Ms. Gasper sought leave to amend the complaint to 1) add Federal National Mortgage Association ("Fannie Mae") as a defendant claiming it was a necessary party to the quiet title action based upon an alleged assignment of the mortgage to Fannie Mae from Bank of America in September 2015, and 2) remove Citibank as a defendant because it satisfied its judgment in March 2016. The causes of action remained the same in the proposed amended pleading. Ms. Gasper provided no reason for the delay in moving to amend the complaint.

{¶20} On March 17, 2017, Bank of America moved to vacate the default judgment against it. Fannie Mae joined Bank of America in filing the motion to vacate, identifying itself as "the current assignee of the mortgage which is the subject" of the motion to vacate.

**{¶21}** In her brief in opposition to the motion to vacate, Ms. Gasper acknowledged that Fannie Mae claimed to have an interest in the property as the assignee of the mortgage and had filed a foreclosure action against her. Ms. Gasper indicated that she moved in November 2016 to dismiss the foreclosure action based upon the trial court's judgment in this case.

**{¶22}** While Ms. Gasper had knowledge in November 2016 that Fannie Mae was the assignee of the mortgage, she had no legal basis to amend her complaint until after May 16, 2017 when the trial court vacated the default judgment against Bank of America and ordered Ms. Gasper to serve the complaint upon Bank of America. Thereafter, Ms. Gasper failed to exercise her right to amend her complaint as a matter of course under Civ.R. 15(A) and thus had to seek leave of court or written consent from Bank of America to amend her complaint.

**{¶23}** Despite her prior knowledge that Fannie Mae was the current assignee of the mortgage, Ms. Gasper delayed until three months after the trial court vacated the default judgment to seek leave to amend the complaint to add Fannie Mae as a defendant. Ms. Gasper provided no explanation for her delay. Moreover, Ms. Gasper's motion to amend her complaint was filed in response to Bank of America's motion to dismiss, thereby raising the "'spectre of prejudice.'" *See Carter*, 2017-Ohio-5795, at ¶ 12, citing *Jacobson-Kirsch*, 2013-Ohio-5114, at ¶ 12. Given the timing of the motion to amend and the lack of reason to justify the delay, the trial court did not abuse its discretion in denying the motion for being untimely and prejudicial to Bank of America.

**{¶24}** Further, the trial court found that the amendment of the complaint "would be futile due to the meritless nature of the claims." Ms. Gasper's proposed amendment did not seek to add or change the claims against Bank of America. Instead, she only sought to add a defendant under the same causes of action. Based upon the fact that the causes of action

remained the same against Bank of America, and in conjunction with our resolution of the third assignment of error, the trial court did not abuse its discretion in denying the motion to amend the complaint for this reason.

{¶25} Ms. Gasper's second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN GRANTING [BANK OF AMERICA'S] MOTION TO DISMISS [MS. GASPER'S] COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

{¶26} In her third assignment of error, Ms. Gasper asserts that the trial court erred in granting Bank of America's motion to dismiss the complaint for failure to state a claim. This Court disagrees.

{¶27} This Court's standard of review for a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is de novo. *22 Exchange, L.L.C. v. Exchange St. Assocs., L.L.C.*, 9th Dist. Summit No. 27472, 2015-Ohio-1719, ¶ 18. De novo review encompasses an independent examination of the trial court's decision without deference to the underlying decision. *Ohio Receivables, L.L.C. v. Landaw*, 9th Dist. Wayne No. 09CA0053, 2010-Ohio-1804, ¶ 6, quoting *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶28} A motion to dismiss for failure to state a claim is procedural and tests whether the complaint is sufficient. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court may not rely upon allegations or evidence outside the complaint and its incorporated attachments. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997); *King v. Semi Valley Sound, L.L.C.*, 9th Dist. Summit No. 25655, 2011-Ohio-3567, ¶ 8. Neither may the appellate court consider

documents outside of the pleadings when reviewing a motion to dismiss for failure to state a claim. *Vagas v. Hudson*, 9th Dist. Summit No. 24713, 2009-Ohio-6794, ¶ 9.

{¶29} A dismissal for failure to state a claim is warranted when based upon the complaint it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. When reviewing such a motion to dismiss, the court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "However, unsupported conclusions made in the complaint are not accepted as true" and are insufficient to withstand a motion to dismiss. *Vagas* at ¶ 7, citing *Mitchell* at 193; *Zody v. Energy Dev. Corp.*, 9th Dist. Wayne No. 2513, 1990 WL 51970, *1 (Ap. 25, 1990).

{¶30} The caption of Ms. Gasper's complaint identified her claims as quiet title and slander. Ms. Gasper alleged Bank of America's mortgage lien was invalid based upon a probate court judgment entry and thereby created a cloud on the title to the property. Ms. Gasper sought to have the alleged cloud removed, the title to the property quieted, and monetary damages awarded.

**Quiet Title**

{¶31} An action for quiet title permits a person in possession of real property to bring an action against a person who claims an adverse interest for the purpose of determining such adverse interest. R.C. 5303.01. Quiet title actions are generally used to remove a cloud on one's title to real property and are considered equitable in nature. *Maasen v. Zopff*, 12th Dist. Warren Nos. 98-10-135, 98-10-138, 98-12-153, 1999 WL 552747, *11 (July 26, 1999); *W.C. McBride, Inc. v. Murphy*, 111 Ohio St. 443, 447 (1924). "A cloud on the title to property is an outstanding

claim or encumbrance which, if valid, would affect or impair the title of the owner of a particular estate, and on its face has that effect, but can be shown by extrinsic proof to be invalid or inapplicable to the estate in question." *Maasen* at \*11. "A \* \* \* mortgage \* \* \* constitute[s] a cloud on title." *Id.*

**{¶32}** Here, there is no dispute that the complaint sufficiently alleged that Ms. Gasper was in possession of the property and Bank of America recorded a mortgage lien on March 25, 2010 on the property. The parties only dispute whether there were sufficient allegations in the complaint that the mortgage lien was rendered invalid and unenforceable by the probate court judgment entry and was a cloud on the title of the property, thereby entitling Ms. Gasper to equity by quieting title in her favor and removing the cloud and to money damages for slander.

**{¶33}** Ms. Gasper argued that the "[c]ourt must take as true [her] allegation that she inherited her home free and clear of any mortgages [and t]his [was] especially warranted given that these allegations [were] directly derived from the Probate Court's decision involving her husband's estate." Bank of America responded that "[t]his assertion [was] unsupported by both the probate court's ruling, and the fact that the probate court is incapable of invalidating property liens under R.C. []2117.29."

**{¶34}** In support of her claim that the mortgage was a cloud on the title, Ms. Gasper relied upon extrinsic evidence, the probate court judgment entry. *See Maasen*, 1999 WL 552747, at \*11. Ms. Gasper depended entirely upon the probate court judgment entry, which she attached and incorporated into her complaint, to support her conclusions that the mortgage was invalid and that Bank of America had "no estate, right, title, lien, or interest in" the property. Contrary to Ms. Gasper's conclusions in her complaint, the probate court judgment entry did not contain any such rulings. While the probate court judgment entry transferred Ms. Gasper's deceased

husband's interest to her in satisfaction of her claim for an allowance of support pursuant to R.C. 2106.10 and 2106.13, the probate court did not specify that the transferred property was free and clear of all encumbrances, including Bank of America's mortgage. Further, while the probate court judgment entry disallowed payment to Bank of America from the probate estate, the judgment entry did not invalidate Bank of America's mortgage.

{¶35} Construing all reasonable inferences in favor of Ms. Gasper, the probate court judgment entry did not invalidate the mortgage or transfer the property free and clear of all encumbrances so as to render Bank of America without a lien on the property. The absence of such rulings by the probate court contradicts Ms. Gasper's conclusion in her complaint that the mortgage was invalid and Bank of America did not have a lien on the property. *See Irvin v. Am. Gen. Fin., Inc.*, 5th Dist. Muskingum No. CT2004-0046, 2005-Ohio-3523, ¶ 16 (a plaintiff cannot sustain a claim when the allegations in the complaint contradict the attachments). Thus, these unsupported conclusions cannot be accepted as true and are insufficient to withstand Bank of America's motion to dismiss. *See Zody*, 1990 WL 51970, at *1. *See Adlaka v. Giannini*, 7th Dist. No. 05 MA 105, 2006-Ohio-4611, ¶ 34 ("If the plaintiff decides to attach documents to his complaint, which he claims establish his case, such documents can be used to his detriment to dismiss the case if they along with the complaint itself establish a failure to state a claim."). Accordingly, it appears beyond a doubt that Ms. Gasper can prove no set of facts entitling her to recover on her quiet title claim and we need not address Bank of America's alternative argument regarding the application of R.C. 2117.29.

**Slander of Title**

{¶36} Slander of title is a tort action premised upon defamation of real property wherein a party "falsely and maliciously defames the property of another," causing special pecuniary

damages to the property owner. *Smith Elec. v. Rehs*, 9th Dist. Summit No. 18433, 1998 WL 103334, *2 (Feb. 18, 1998). "Typically, slander-of-title cases involve documents filed against a particular piece of property by parties who claim an interest in the property. Specific examples would include mortgage-holders[.]" *Green v. Lemarr*, 139 Ohio App.3d 414, 431 (2d Dist.2000). "The wrongful filing for the record of a document which casts a cloud upon another's title to or interest in realty is considered to be an act of publication which gives rise to an action for slander of title." *Rehs* at *2. *See O'Laughlin v. Ottawa St. Condominium Assn.*, 6th Dist. Lucas No. L-16-1128, 2018-Ohio-327, ¶ 27 (Slander of title occurs when there is a "wrongful[] recording [of] an unfounded claim.").

**{¶37}** The complaint did not contain any allegations that Bank of America wrongfully recorded the mortgage on March 25, 2010. Instead, the complaint alleged that five years after the mortgage was recorded, it became invalid and unenforceable based upon the probate court's judgment entry. As addressed above, Ms. Gasper's sole reliance upon the probate court's judgment entry to allege that the mortgage was invalid and unenforceable was erroneous. Thus, in the absence of properly supported allegations that the mortgage was invalid, the complaint also fails to state facts alleging that Bank of America falsely and maliciously defamed the property. Accordingly, it appears beyond a doubt that Ms. Gasper can prove no set of facts entitling her to recover on her slander of title claim.

**Other Argument**

**{¶38}** Bank of America also argued that Ms. Gasper's complaint failed to state a claim because it assigned the mortgage to Fannie Mae in October 2015 and thus no longer holds the lien which Ms. Gasper seeks to declare null and void. Bank of America attached the recorded assignment of mortgage to its motion to dismiss. Notably, the assignment of mortgage was not

one of the attachments to Ms. Gasper's complaint. Accordingly, this Court declines to consider this argument because it requires consideration of evidence outside the complaint and the attachments. *See Vagas*, 2009-Ohio-6794, at ¶ 9.

{¶39} Upon review of Ms. Gasper's complaint and the attachments thereto, and presuming all factual allegations as true and construing the reasonable inferences in Ms. Gasper's favor, this Court concludes that the trial court did not err in granting Bank of America's motion to dismiss the complaint pursuant to Civ.R. 12(B)(6).

{¶40} The third assignment of error is overruled.

III.

{¶41} Ms. Gasper's assignments of error are overruled. The judgment of the Medina County Common Pleas Court is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JEFFREY L. BRAMLEY, Attorney at Law, for Appellant.

BRYAN T. KOSTURA and BROOKE TURNER BAUTISTA, Attorneys at Law, for Appellee.