[Cite as *State v. Harmon*, 2019-Ohio-2361.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO.  C-180172
                                                   TRIAL NO. C-16TRC-18873
     Plaintiff-Appellee,          :
                                                   *O P I N I O N.*
    vs.                            :

JAMES EDWARD HARMON,                    :

     Defendant-Appellant.         :



Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  June 14, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} It is axiomatic that a party must timely file a notice of appeal to confer jurisdiction upon us as an appellate tribunal. Defendant James Harmon filed two notices of appeal seeking to challenge his sentence but both were submited well after the relevant time limitations. We dismissed his first appeal for want of jurisdiction, and his second appeal meets the same fate.

{¶2} The instant appeal arises from a May 2016 incident in which Mr. Harmon was charged with operating a motor vehicle while under the influence, in violation of R.C. 4511.19. Ultimately, Mr. Harmon pleaded guilty to the charge. On February 17, 2017, the municipal court judge found Mr. Harmon guilty and sentenced him to 180 days in jail with 170 days suspended (and ordered him to complete ten days of treatment at Talbert House). The court initially stayed the sentence pending an appeal, but Mr. Harmon did not get around to filing a notice of appeal until the end of October 2017—an appeal tardy by seven months. Based on the lateness of the notice of appeal, we dismissed it in January 2018 for untimeliness.

{¶3} In the aftermath of the dismissal of the appeal, the trial court lifted the stay pending appeal on February 22, 2018, with a notational order that says "sentence imposed." Believing that afforded him another chance to appeal, Mr. Harmon then filed a pro se notice of appeal on March 22, 2018, and another motion to stay with the municipal court. Because this second appeal was also untimely, however, we must again dismiss Mr. Harmon's appeal.

{¶4} Appellate courts generally only have jurisdiction to review "final orders" rendered by the lower courts. Ohio Constitution, Article IV, Section

2

3(B)(2); *see* R.C. 2505.02. Additionally, App.R. 4(A)(1) directs "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal * * * within 30 days of that entry." Thus, a party wishing to appeal a "final order" must do so within 30 days of entry of that order.

{¶5} Additionally, for purposes of appeal in criminal cases such as here, a valid judgment of conviction constitutes a final appealable order. R.C. 2505.02(B); *State v. Jackson,* 151 Ohio St.3d 239, 2017-Ohio-7469, 87 N.E.3d 1227, ¶ 11 ("A judgment of conviction qualifies as a final order under R.C. 2505.02(B)"). Under Crim.R. 32(C) and relevant Supreme Court authority, a judgment of conviction constitutes a "final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. White*, Slip Opinion No. 2019-Ohio-1215, ¶ 13, quoting *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. Therefore, a criminal defendant may appeal from a judgment of conviction as a final order when that judgment conforms with the above requirements.

{¶6} And the February 17, 2017 judgment checks all of the boxes identified above. It reflects the fact of conviction, Mr. Harmon's sentence, the judge's signature, and the stamp indicating journalization. Mr. Harmon's appellate clock started ticking on that date, which explains why we rejected as untimely his October notice of appeal.

{¶7} A different result obtains here only if the February 2018 order constitutes a final order that would thereby trigger a new appellate window. But it does not. The only thing that occurred in February 2018 was that the court lifted

the stay that had been implemented a year earlier. To be sure, some confusion arises based on the "sentence imposed" language but the sentence was actually imposed in February 2017. The February 2018 order does not contain the basic hallmarks of a final judgment, such as the absence of any indication of what the sentence is. Therefore, it cannot constitute a final appealable order, nor does it satisfy any of the other criteria for final orders under R.C. 2505.02(B).

{¶8} In short, Mr. Harmon's appeal comes about a year too late. *See, e.g., State v. Perez*, 5th Dist. Licking No. 03-CA-107, 2004-Ohio-3646, ¶ 25 ("the record reveals appellant filed his notice of appeal of the [judgment entry] well outside the thirty-day deadline set forth in App.R. 4(A)."); *Gasper v. Bank of Am., N.A.*, 9th Dist. Medina No. 17CA0091-M, 2019-Ohio-1150, ¶ 6 ("Failure to file the notice of appeal within the time period set forth in App.R. 4(A) is a jurisidictional defect and is fatal to any appeal.").

{¶9} As a criminal defendant, Mr. Harmon was not without any possible remedy for the untimeliness of his appeal. Criminal defendants may petition an appellate court for leave to file an untimely appeal under App.R. 5(A). This rule provides that: "[a]fter the expiration of the thirty day period provided by App.R. 4(A) * * * an appeal may be taken by a defendant with leave of the court * * * in the following classes of cases: (a) [c]riminal proceedings." App.R. 5(A). No such motion, however, was made here, and as the appeal is untimely under App.R. 4(A), we lack jurisdiction. We accordingly dismiss the appeal.

Appeal dismissed.

**MOCK, P. J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

4